UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CORNELIUS MAURICE REGAN,**
        **Petitioner,**

v.                                                                             **Criminal Action No. 2:99cr116**

**UNITED STATES OF AMERICA,**
        **Respondent.**

## OPINION AND ORDER

Currently before the court is petitioner Cornelius Maurice Regan's motion for modification of imposition of a sentence of imprisonment, pursuant to Title 18, United States Code Section 3582(c)(1)(A)(i). Petitioner has additionally submitted a motion for recalculation of a term of imprisonment, pursuant to Title 18, United States Code Section 3585(b)(2). For the reasons set out below, this court **DISMISSES** both of petitioner's motions.

**I.**    **Factual Background**

Petitioner was indicted in July of 1999 on Count One of an indictment stemming from a conspiracy to distribute cocaine and crack cocaine, in violation of Title 21, United States Code Sections 841(a)(1), (b)(1)(A), and 846. Pursuant to a written plea agreement with the United States, petitioner, on August 30, 1999, pleaded guilty to the charge against him. In preparation for sentencing, a presentence report was prepared, indicating that petitioner's sentencing range was 262-327 months, based on an offense level of 37 and a criminal history category of III. On December 7, 1999, petitioner was sentenced to 275 months imprisonment. On November 29,

2000, on the motion of the United States, petitioner's sentence was reduced to 145 months, pursuant to FED. R. CRIM. P. 35(b).

In 2002, petitioner allegedly pleaded guilty in a North Carolina state court to charges distinct from those underlying his federal court conviction. Although it is unsubstantiated, petitioner alleges that he entered into a plea agreement with the State of North Carolina wherein he was sentenced to a term of imprisonment on one count that was satisfied by the time he had already served and on another count that was to run concurrently with the sentence imposed upon him by this court. Prior to and after his state conviction, petitioner was transferred several times within the North Carolina prison system. He was transferred into federal custody after the completion of his state sentence, and currently is incarcerated at a federal prison.

## II.     Procedural History

Petitioner filed the instant motions subject to defect on January 25, 2005. On February 1, 2005, he filed corrected motions. Petitioner argues that the time he has served on his state convictions should be credited toward his federal sentence. He alleges that, as things now stand, his federal conviction did not begin to run until he was transferred into federal custody in 2004. Petitioner claims that his federal sentence should have begun to run when he was initially sentenced, in 1999. He moves this court to modify and correct his sentence to reflect the time he spent in state custody prior to his state convictions and the subsequent time he spent in state prison. As a basis for this, petitioner relies upon 18 U.S.C. §§ 3582(c)(1)(A)(i) and 3585(b)(2).

**III.    Standard of Review**

Title 18, United States Code Section 3582(c) permits a court to modify a term of imprisonment that has already been imposed, but restricts the power to the limited circumstances where the Director of the Bureau of Prisons moves for a modified sentence or the defendant has provided substantial assistance to the government within the meaning of FED R. CRIM. P. 35(b), and only then permits modification on the motion of a party other than the prisoner. Significantly, a defendant's motion for modification under § 3582(c) may only be brought if a sentencing range has been subsequently lowered by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(2) (2005).  Under the subsection cited by petitioner, a court may only modify a sentence on the motion of the Director of the Bureau of Prisons, and only then if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i) (2005).

Title 18, United States Code Section 3585 provides that the sentence of a person convicted of a federal offense "shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence." However, a defendant shall be given credit for time spent in official detention "as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b) (2005).  A court has jurisdiction over a claim under § 3585 only if the movant has previously exhausted all administrative remedies established by the Bureau of Prisons.  See United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990).

**IV.     Analysis**

A.     Modification of Sentence

     Petitioner asserts that because he spent nearly five years in various state prisons and local jails between his sentencing in this court and the time his federal sentence began to run, his sentence should be decreased by five years.  In support of this, petitioner claims that a state court conviction in 2002 was imposed to run concurrent with his federal conviction, which at that point had still yet to commence, yet petitioner offers no evidence at all to support this claim.  However, even were this to be correct, this court is without jurisdiction to hear petitioner's claim under § 3582(c)(1)(A)(i), because only the Director of the Bureau of Prisons may move for a reduction of sentence under that section of the statute.

B.     Credit for Time Spent in Custody

     In conjunction with his claim that his sentence should be modified, petitioner asserts that the time he served in state prison prior to the start of his federal sentence should be credited to him as time served on the federal sentence, in accordance with 18 U.S.C. § 3585(b).  Although this court has no record of petitioner's state convictions, it is aware that, at the time of he was indicted on federal charges in 1999, he was incarcerated in a state prison in North Carolina.  He was still in state custody when he was brought before this court in 1999 pursuant to a writ of habeas corpus *ad prosequendum*, and after his conviction in this court, remained in state custody until 2004.  Pursuant to this writ, petitioner was returned to state prison in North Carolina following his conviction in this court, and when he had completed his sentences in state prison, he was transferred to federal custody to begin serving the sentence imposed upon him by this court.

Again, petitioner's only basis for his claim under § 3585(b) is the simple allegation that his 2002 North Carolina conviction was to run concurrent with the sentence imposed by this court in 1999. However, even had his claim any merit, petitioner has clearly failed to exhaust all administrative remedies before bringing the instant action. The Attorney General has delegated to the Bureau of Prisons authority to perform any functions relating to the commitment of federal prisoners. 28 C.F.R. § 0.96 (2005). This grant of authority encompasses the determination of credit for time served. Lucas, 898 F.2d at 1555 n.2. Petitioner must therefore follow the regulations promulgated by the Bureau of Prisons governing formal review of inmate complaints relating to aspects of imprisonment. See 28 C.F.R. § 542.10 to .16 (2005). This court does not have jurisdiction to address petitioner's complaints under § 3585 until he has exhausted the remedies made available by the Bureau of Prisons.

**III. Conclusion**

For the reasons discussed above, the motions are **DISMISSED** for lack of jurisdiction.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner, and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510**.**

The petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Pursuant to FED. R. APP. P. 4(b)(1)(A), petitioner is permitted ten (10) days in which to appeal. However, this court, pursuant to FED. R. APP. P. 4(b)(4) grants the petitioner thirty (30) days in which to appeal. Notice of appeal must be

received by the Clerk within thirty (30) days of the date of this Order.

      It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

July 12, 2005
Norfolk, Virginia